Good morning and may it please the court. I'm Tim Foley. I represent the appellant Lincoln Benavides who is appealing his sentence I'd like to reserve two minutes for rebuttal and I'll try to keep my eye on the clock I'd like to focus on the first issue in the briefing the question of whether mr. Benavides was entitled to credit For the six years he had done in state custody prior to his federal sentencing For a state conviction, which was part of the conduct which led to the indictment in federal court This in turn turns at least in part upon an interpretation of the guideline provision 5g 1.3b and the real dispute between the parties is in the interpretation of the second trigger of 5g 1.3b, which is the question of whether the state court conduct or the conduct underlying the state court Conviction was used to calculate the federal guideline range It's our contention That the state the amount of drugs seized in state court and the underlying activities that led to the state court conviction were required to be considered under the guidelines as relevant conduct and Because there was no total amount of drugs found and because there were no factual findings to support the Exclusion of the state conduct that it was in fact used as a basis for an increase in the offense level and 5g 1.3b should apply Counsel as I've gone over the record. It doesn't seem to me that they used this state quantity in Computing the quantity of drugs it is responsible for Well, there was no finding of the total amount of drugs the district court never made that finding there's an implicit finding I think In deciding that level 36 was the base offense level. There's an implicit finding that mr Benevides was responsible for more than five kilograms But that's the only finding made at the district court level didn't need to use the state quantity to get there Well, first of all, there's no factual basis for concluding that that the district court made second of all that Conclusion runs afoul of two things. It runs afoul of the requirement that all Conduct all relevant conduct be taken into account and it also runs afoul of the principle expressed by this court in United States Forrester and other cases that where you have two ways of calculating the drug amount to equally available ways of calculating the drug range and Sentencing that you have to choose the one that leads to the lesser punishment and that's our argument Basically that what the district court did is he ignored that principle? he could have used the state court drugs and the state court conduct to increase the basis and Because he could have he should have Because that's required Let me ask you. Um, no, I think you could have maybe go ahead. I'm sorry in the pre-sentence report the probation officer listed in in a series of paragraphs the amount of Meth that apparently was attributable that he found was attributable to your client Well, there's a subtle distinction and was there any I couldn't see or I didn't see any Any factual objection to the statements in the pre-sentence report? There was no Objection that was resolved by the district. So then why wasn't it proper for the district court as you? Kind of suggested just a moment ago that one could infer from what the district court did that he made sufficient factual finding Well first I think it's important to remember this is a lengthy pre-sentence report as I'm sure you're aware if I read it 42 pages plus another 17 and there's a distinction between the pre the probation officer setting forth a statement By a criminal or a co-conspirator regarding the drug amounts. No, but you you can file in a Pre-sentence hearing objection to any statements in the pre-sentence report and if you do that Then you you force the district court to make Explicit factual findings to resolve the factual dispute and I didn't see that that happened here That did not happen What we did is we took issue with those with many statements in the pre-sentence report and we argued and this is that Excerpts of a record 225 To 227 is one example of that in the addendum to the pre-sentence report where we said look these statements are unreliable They're hearsay They're based on reports that are unsigned and we don't and while we don't dispute the fact that those statements were made to Officers we dispute the underlying statements the truth of the underlying statements and the probation officers report was well That's what they said and I'm not going to make a finding of whether those statements are true or not He says that on page 227 in the excerpts of record So you're right judge bias. We did not go before the district court and ask the district court to resolve those discrepancies It's not our burden to do that. The district court never made any findings whether or not those statements were true now he could Have relied on the pre-sentence report to me. So did you file a sentencing memorandum that said judge? We object to all of these findings, no, we did not they're unreliable based on flaky Co-conspirator statements. No, we didn't and I think part of that is the fact that under there was a guideline range agreed to the guideline range was not disputed and Rather than having a week-long hearing on whether the these witnesses were telling the truth or not and cross-examining them the judge chose to do with Something that he's allowed to do under rule 32. I which is he chose not to resolve disputes that didn't matter So basically there was no finding of how many drugs Were my client was responsible for in total. There was only the finding of a range level 36 5 to 15 kilograms Well as judge as judge Fletcher suggested if you go through then the amounts At least the probation officer listed it seems to more than satisfy The base offense level you can exclude it when you and you can exclude the the quantity that was used for the state prosecution You can but that wasn't done and I don't think this court should do that. Does it make a difference the government? Indicates in the pre-sentence report that at least for some of the entries the defendant it states that the defendant admitted to the quantities Which again the government says are more than and not for the base offense level. Does it make a difference that there's That the probation officer reports the defendant admitted to these quantities The problem with reliance on those quantities is those admissions were made in the interview after he was arrested by the state agents So it's our position that those quantities are part of the state conduct That was an interview two interviews over the course of two days that were done after the bust of the three pounds in state court Interviews done by state agents those admissions are in fact part of the conduct Which underlie the state conviction in the state sentence, so I don't think you can take those out. I think those are part of The state conduct and you're talking about in these Paragraphs, I guess it was what they point to is 38 39 40 in the PSR Yes, there were there was a statement made by my client in which he admitted many things and Let me make a couple of points I see I'm running low on time But the first thing I would say one thing I want to one point I want to make is that is as a matter of common sense when you're computing drug amounts You should start with the drugs actually seized You should start with the drugs that can be weighed and verified and analyzed in a lab and the only drug seized in this case Were the drugs seized by the state authorities as part of the state prosecution in the state conviction It doesn't make sense to me to start with hypothetical drugs and try to exclude the real drugs When you're sentencing under a system that requires all relevant conduct to be included Second thing is I think this court the case most close to this factually is the Eighth Circuit case United States versus Morris That's the analysis that I think this court should adopt and thirdly, I don't think this court should get into the math That's not this court's role this the district court Did not resolve the amount of drugs did not find Clarified was there a request of the district judge to conduct an evidentiary hearing? No the parties agreed to the sentencing range the parties agreed that it was a level 36 going in and Right, the judge did not resolve a dispute because there really wasn't one Well now if we've got 36 to start out You don't object to up to for firearms or up for for being a leader No, there were not objections to the sentencing guideline range and down three for acceptance of responsibility That's correct. You get to 41. This seems to me there should be no quarrel I'd see I'm running out of time. Yes. Thank you Here from the government Good morning, may it please the court I'd like to address a couple of the issues that were raised in the appellants briefing in the discussion here this morning first of all the the relevant state court conduct here The government disputes that it would actually entail the amounts that mr. Benavides sold on February 17th, February 21st The three-quarters of a pound that were found in his car on March 6th and his numerous admissions If the court would look at the supplemental excerpts of record at 126 through 127 109 and 122 through 125 It makes quite clear That the only conduct underlying his state offense Was the March 5th sale and the three pounds attributed to him for that and when you add up the February 17th February 21st sales the amount found in his car And the admissions that he sold 5 to 7 pounds to Chad Cruz and another 5 to 10 pounds to someone named Nicole At that point you're already at 11 pounds and 1 1⁄2 ounce Which is 5 kilograms of methamphetamine without including the 3 pounds from the March 5th sale In addition, he did admit Prior to his arrest or when he was arrested that he had ordered 10 pounds of methamphetamine in the in the reply brief Mr. Benavides suggests that shouldn't be attributed to him simply because he ordered it but he did plead to Distribution of methamphetamine and conspiracy to distribute methamphetamine. It's clear Those 10 pounds were in furtherance of his conspiracy Numerous other admissions by him as far as purchasing methamphetamine and two-pound quantities from California and other quantities from Idaho So for all of those admissions and the quantities found I do not suffer from the reliability concerns for raising the reply brief was the district court obligated to make a finding about the total amount of Meth that was He could that he considered apart from the state one I do not believe that the district court had to actually come up with a number that it put into the record there There were no objections here the Morris case that's appellant sites in that case. They didn't include the drug They didn't include the conduct in the calculation at all here It's quite clear that conduct was included by the initial finding that it was relevant conduct. And so it was implicitly considered here Beyond those quantities That all of the hearsay statements were actually appropriate for the district court to consider here First of all, the rules of evidence don't apply at sentencing secondly The appellant did not object to any of those statements The district court adopted the PSR without change and finally and perhaps most importantly Mr. Benavides Own admissions and the quantities that were found upon him corroborate the hearsay statements furthermore the hearsay statements cross corroborate one another he challenges Kathy Snyder statement that he was responsible for For providing her with at least 24 pounds of methamphetamine in his reply brief But Chris Antonin in his statement said that she had provided him a pound on behalf of mr. Benavides Mr. Benavides wife Nedra Smith had claimed that she had Had methamphetamine received money on his part Another witness, mr. Bland claimed that Miss Snyder had sold a pound per per week On behalf of mr. Benavides, so those hearsay statements were corroborated in the record He's been diagnosed with multiple sclerosis at this time apparently It's a non-symptomatic now We all know it's a disease which has very uneven course with different people and if it should become Active for him and problematic. Is there any way of resentencing at that time I believe the district court indicated that Mr. Benavides could try and make some some Should be considered at that point, although the district court had considered his multiple sclerosis in the sentencing I understand that this is actually seeking information as to what kind of accommodations can be made by Resentencing or otherwise. Well for one thing. Mr. Benavides quite clearly asked for a transfer to a medical facility He actually asked for a non-medical facility to begin with here Further indicates that he's not having problems with multiple sclerosis now But if later on he was having problems with his multiple sclerosis He could be asked to be transferred to a medical facility in the Bureau of Prisons to deal with that problem I would also like to point out that the numerous health cases that mr. Benavides cites In all those except for one the district court decision was actually affirmed by the appellate court which goes to the large leeway But the district court has it sentencing and in none of those cases was the defendant in all of those cases The health problems were only one factor among many that led to downward variances, but in none of those cases did the Defendant receive a downward variance of more than five years Mr. Benavides here was sentenced to five years below the bottom end of the guidelines sentence Just because he requested 15 years below the bottom end of the guidelines sentence and received five years Does not make his sentence unreasonable any more than the district court's denial of mr. Benham of the government's request that mr. Benavides be sentenced at the bottom end of the guidelines makes his sentence unreasonable I'd just like to remind the court to that the review standard here is is reasonableness We're not concerned with whether the district courts With the parsimony clause of section 3553 whether that was properly applied or whether the Or whether a downward variance or a downward departure was warranted under 5h 1.4 We look to the under the totality of the circumstances before the district court whether the overall sentence was reasonable here We thank for the reasons provided by the district court. Mr. Benavides leadership role The quantity of drugs involved that mr. Benavides was bringing into Western, Montana the his use of children and his use of violence in Furtherance of the conspiracy as the district court judge pointed out all of those factors Differentiated him from his co-conspirators and therefore warranted a higher sentence for those reasons We would ask that The court here first of all find a hold that there was no abuse of discretion by the district court in Determining that 5g 1.3b did not apply to mr. Benavides because there was plenty of drugs in the PSR that were attributable to Him above and beyond the three pounds in the March 5th sale and affirm his sentences reasonable his sentence of 300 months Served concurrently going forward from the sentence with no credit for time served for a state offense As a reasonable one unless the court has any further questions, I'm happy to see to see the remainder of my time Thank you, thank you Get about him about a minute. Well, I'll give you a minute you can have a minute Whether or not the court could have relied on the hearsay statements in the PSR is not the issue The court did not make those findings the court did not discuss what was corroborating what was not corroborated It never made those findings and this court is an appellate court cannot make those findings now The other thing that was said by my opponent is that it was an abuse of discretion standard I disagree the application of 5g 1.3b is under a de novo standard and I'd request that the court use that Standard that's under United States versus Lions If the court has no questions, I'll submit thank you. Thank you. We appreciate the council's arguments and Benevides will be submitted at this time Their next our next
judges: Fletcher B. , Paez, Ikuta